Gmail - Activity in Case 1:13-cv-06144-MKB-VMS Sistrunk v. The City of New York et al Amended Complaint 6/3/14, 10:40 AM

Case 1:13-cv-06144-MKB-VMS   Document 8   Filed 06/03/14   Page 1 of 10 PageID #: 18



# Activity in Case 1:13-cv-06144-MKB-VMS Sistrunk v. The City of New York et al Amended Complaint

ecf_bounces@nyed.uscourts.gov <ecf_bounces@nyed.uscourts.gov>　　　　　Mon, Apr 21, 2014 at 4:44 PM
To: nobody@nyed.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered by Pawar, Vikrant on 4/21/2014 at 4:44 PM EDT and filed on 4/21/2014
**Case Name:**　　　　Sistrunk v. The City of New York et al
**Case Number:**　　　1:13-cv-06144-MKB-VMS
**Filer:**　　　　　　　Stacey Sistrunk
**Document Number:** 7

**Docket Text:**
**AMENDED COMPLAINT against All Defendants, filed by Stacey Sistrunk. (Pawar, Vikrant)**


**1:13-cv-06144-MKB-VMS Notice has been electronically mailed to:**

John Michael Lambros &nbsp &nbsp john@lambroslawfirm.com

Vicki Becker Zgodny &nbsp &nbsp vzgodny@law.nyc.gov, ECF@law.nyc.gov, vicki.zgodny@gmail.com

Vikrant Pawar &nbsp &nbsp vik@pawarlaw.com, vikrantpawaresq@gmail.com

**1:13-cv-06144-MKB-VMS Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=4/21/2014] [FileNumber=8678703-0]
[1d649107e01d7b8f18a27c555219af4d7ee0bb96b4a927faf262338ecae75dc4c8a4e
2386b4df549dbebd06b96a0ae3b37a1bbd3fca56cdfe73b1b89018d2bd7]]

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STACEY SISTRUNK,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, P.O. "FRANCOIS",
JOHN AND JANE DOES 1-10, ET AL.,

                Defendants.
-----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

13 CV 6144 (MKB) (VMS)

Plaintiff STACEY SISTRUNK (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States. Claims against defendant City of New York are predicated solely on violation of plaintiff's state law rights.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Queens, State of New York.

7. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendants "Francois" and John and Jane Does are officers with the NYPD and are/were assigned to the 101th precinct at the time when plaintiff's claims arose. They are sued in their individual, supervisory and official capacities.

## FACTS

9. On July 8, 2012, around 11 p.m., plaintiff was lawfully inside his vehicle on Beach 41st street near beach channel.

10. Plaintiff was sleeping in the backseat of his vehicle because he had just got into a dispute with his girlfriend.

11. While plaintiff slept, defendant officers knocked on his window and shined a flash-light on plaintiff's vehicle.

12. The keys were not in the ignition and plaintiff was in the backseat.

13. Defendant officers' actions awoke plaintiff who gestured "what's going on?"

14. Defendants directed plaintiff to roll down this window; however, plaintiff gestured that he could not because the keys were not in the ignition.

15. At that point, plaintiff exited the car and inquired again "what's going on?"

16. Defendants falsely accused of driving while under the influence.

17. Plaintiff stated that he was sleeping in the backseat and was not driving and that he had a dispute with his girlfriend and therefore his reason for not sleeping inside the apartment.

18. Plaintiff even told the defendants to check with his girlfriend who would verify this fact.

19. Nevertheless, defendants arrested plaintiff on the false charge of DWI and took him to the precinct.

20. Plaintiff was booked on false charges, brought before a judge who was then presented by false facts drafted by defendants and held for over a week because of excessive bail. The bail was excessive largely in part because of defendants' false accusations.

21. Plaintiff maintained his innocence, appeared in court numerous times and took the case to trial where the judge threw out the false and fabricated charges against him.

## AS AND FOR A FIRST CAUSE OF ACTION
(Fourth Amendment-False Arrest)

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23. There was no probable cause for the unlawful seizure, detention, arrest or the continued incarceration, and as such it resulted in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

24. As a result of the aforementioned conduct of defendants, Plaintiff's constitutional right to be free from unreasonable search and seizure violated and he sustained injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process-Malicious Prosecution)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to plaintiff and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and caused plaintiff to be maliciously prosecuted.

27. As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Right to a Fair Trial and Process)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. Defendants' conduct prolonged plaintiff's unlawful seizure and malicious prosecution and was done with the malicious intent to deprive plaintiff of his right to fair trial by fabricating and concealing evidence and providing false testimony under oath knowing that plaintiff would be prosecuted.

30. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Conspiracy under 42 U.S.C. 1985)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants conspired with one another to hide the facts of the event in question. Defendants fabricated evidence and falsified sworn testimony in an effort to get plaintiff arrested and prosecuted and to cover their illegal actions. Defendants did so in order to generate overtime and pad their quotas.

33. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Excessive Bail under 8th Amendment)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants illegal and unlawful actions of fabricating evidence and falsifying reports, misled the Court into thinking that plaintiff had committed the crime and therefore the Court having been misled by defendants set a high bail which defendants knew that plaintiff would not be able to make bail and thus prolonging his incarceration.

36. As a result, plaintiff suffered emotional and physical injuries.

## AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Upon information and belief, Defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff' rights.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

39.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.  Plaintiff's physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

41.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.  Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

43.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.  As a result of the foregoing, Plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

45. As a result of Defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The aforementioned conduct was committed by Defendants while acting within the scope of their employment by Defendant City. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

48. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant City.

49. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

50. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

54. As a result of defendants' conduct, plaintiff suffered injuries.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Supervisory Liability)

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendant supervisors were aware of individual defendants and their subordinate's action and past misdeed. However, they ignored that conduct and in fact tacitly approved of the wrongful conduct thus allowing their subordinates to further engage in violation of individual's rights.

57. Defendant supervisors whose job was to supervise their subordinates and discipline them, failed to do so because they did not care about their misdeeds, needed to maintain quotas and overtime and were deliberately indifferent to their misconduct thus causing injuries to individuals such as plaintiff.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
April 21, 2014

> PAWAR LAW GROUP P.C.
> 20 Vesey Street, Suite 1210
> New York, New York 10007
> (212) 571-0805
>
> By:/sVik Pawar
> Vik Pawar (VP9101)
> *Attorney for Plaintiff*