PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STACEY SISTRUNK,

                        Plaintiff,

          -against-

THE CITY OF NEW YORK, P.O. FRITZ BOUTIN,
P.O. FRANKLIN PIERRELOUIS, SGT. KEITH
GALLAGHER,

                       Defendants.
------------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

13 CV 6144 (MKB) (VMS)

Plaintiff STACEY SISTRUNK (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Queens, State of New York.

7. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendants Boutin, Pierrelouis and Gallagher are officers with the NYPD and are/were assigned to the 101th precinct at the time when plaintiff's claims arose. They are sued in their individual, supervisory and official capacities.

# FACTS

9. On July 8, 2012, around 11 p.m., plaintiff was lawfully inside his vehicle on Beach 41st street near beach channel.

10. Plaintiff was sleeping in his vehicle because he had just got into a dispute with his girlfriend.

11. While plaintiff slept, defendant officers knocked on his window and shined a flash-light on plaintiff's vehicle.

12. The keys were not in the ignition and plaintiff was laying back in the custom seats inside his vehicle.

13. Defendant officers' actions awoke plaintiff who gestured "what's going on?"

14. Defendants directed plaintiff to roll down this window; however, plaintiff gestured that he could not because the keys were not in the ignition.

15. At that point, plaintiff exited the car and inquired again "what's going on?"

16. Defendants falsely accused of driving while under the influence.

17. Plaintiff stated that he was sleeping and was not driving and that he had a dispute with his girlfriend and therefore his reason for not sleeping inside the apartment.

18. Plaintiff even told the defendants to check with his girlfriend who would verify this fact.

19. Nevertheless, defendants Boutin and Pierrelouis arrested plaintiff on the false charge of DWI. Defendant Gallagher who was at the scene failed to intervene and in turn authorized plaintiff's arrest.

20. Plaintiff was then roughed up during his arrest and when his girlfriend and other witnesses arrived on the scene, defendants threw plaintiff's belongings on to the street and threatened the witnesses with arrest. Defendants also broke one of the witnesses' phone as she attempted to videotape the false arrest and excessive force used by defendants,

21. Plaintiff was booked on false charges, brought before a judge who was then presented by false facts drafted by defendants and held for over a week because of excessive bail. The bail was excessive largely in part because of defendants' false accusations.

22. Plaintiff maintained his innocence, appeared in court numerous times and took the case to trial where the judge threw out the false and fabricated charges against him.

### AS AND FOR A FIRST CAUSE OF ACTION
(Fourth Amendment-False Arrest/Excessive Force)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. There was no probable cause for the excessive force, unlawful seizure, detention, arrest or the continued incarceration, and as such it resulted in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

25. As a result of the aforementioned conduct of defendants, Plaintiff's constitutional right to be free from unreasonable search and seizure violated and he sustained injuries.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deprivation of Rights under the Fourteenth Amendment-Due Process-Malicious Prosecution)

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to plaintiff and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and caused plaintiff to be maliciously prosecuted.

28. As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Right to a Fair Trial and Process)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. Defendants' conduct prolonged plaintiff's unlawful seizure and malicious prosecution and was done with the malicious intent to deprive plaintiff of his right to fair trial by fabricating and concealing evidence and providing false testimony under oath knowing that plaintiff would be prosecuted.

31. As a result of defendants' conduct, plaintiff suffered injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Conspiracy under 42 U.S.C. 1985)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants conspired with one another to hide the facts of the event in question. Defendants fabricated evidence and falsified sworn testimony in an effort to get plaintiff arrested and prosecuted and to cover their illegal actions. Defendants also did so in order to generate overtime and pad their quotas.

34. As a result of defendants' conduct, plaintiff suffered injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Excessive Bail under 8th Amendment)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants illegal and unlawful actions of fabricating evidence and falsifying reports, misled the Court into thinking that plaintiff had committed the crime and therefore the Court having been misled by defendants set a high bail which

defendants knew that plaintiff would not be able to make bail and thus prolonging his incarceration.

37. As a result, plaintiff suffered emotional and physical injuries.

## AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Upon information and belief, Defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff' rights.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Plaintiff's physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if

fully set forth herein.

43. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR AN NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. As a result of the foregoing, Plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

46. As a result of Defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TENTH CAUSE OF ACTION
(Supervisory Liability)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendant Gallagher was aware of individual defendants and his subordinate's action and past misdeed. However, he ignored that conduct and in fact tacitly approved of the wrongful conduct thus allowing his subordinates to further engage in violation of individual's rights.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Monell Liability)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendant City through the NYPD has a custom and practice of silencing citizens when they voice their opinion about police misconduct. This custom and practice includes but is not limited to arresting witnesses to defendant officers' misconduct and preventing witnesses' from videotaping their wrongful conduct and breaking their recording device. This custom and practice is documented by a recent class action lawsuit filed against defendant City on behalf of individuals who have been aggrieved because of this conduct by the NYPD.

51. The silencing of individuals and the custom and practice of enjoining individuals from videotaping police conduct, led to destruction of evidence that would show defendants' conduct in the underlying incident and has overall caused the deprivation of liberty and violation of plaintiff's constitutional rights and caused him to suffer injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
August 4, 2014

> PAWAR LAW GROUP P.C.
> 20 Vesey Street, Suite 1210
> New York, New York 10007
> (212) 571-0805
>
> By: *(signature)*
> Vik Pawar (VP9101)
> *Attorney for Plaintiff*